# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 18, 2014 Session

## CAROLYN M. HEATON v. JASON BARRETT HEATON

**Appeal from the Chancery Court for Hamilton County**
**No. 12-0412     Jeffrey M. Atherton, Chancellor**

---

**No. E2013-01985-COA-R3-CV-FILED-AUGUST 29, 2014**

---

Charles D. Susano, Jr., Chief Judge, dissenting.

I cannot concur in the majority's treatment of the marital residential property as joint property. The majority concludes that it was, in the language of the parties' prenuptial agreement, "Co-Owned Property."

The trial court held that a finding of "Co-Owned Property" would be "inconsistent with the intent and conduct of the parties, not compelled by the pre-marital agreement." The court went on to say that such a finding "would result in an unequivocally inequitable windfall." Hence, in my judgment, the issue for us is whether the evidence preponderates against the trial court's findings on this subject.

Much of the evidence supports Wife's assertion that this property is properly classified as separate property. The sales contract, according to William Weathers, the realtor who drafted the document, listed only Wife as the buyer, per the parties' instruction. The realtor explained that the contract provided that the deed was to reflect Wife as the sole grantee. Husband never paid any monies toward the purchase, construction, or maintenance of the property. As the majority points out "Wife paid Husband $102,000 for his services as contractor in the construction of the home."

Wife testified that she borrowed money from her trust to finance the construction of the residence. Her accountant corroborated her testimony on this point. Sandra Clayborne, a mortgage loan originator for Regions Bank, testified that Wife applied for a loan regarding the purchase of the property in her sole name. The loan was approved. Ms. Clayborne stated that Wife informed her that the property was to be her separate property.

This brings us to the closing of the purchase of the property. The deed as presented to the parties reflected both of the parties as joint owners. It is clear from the record that Wife objected to

Husband's name being on the deed. Mr. Weathers, who was present at the closing, testified that Wife was "upset." He said that Wife insisted that the deed was to be in her sole name and that she had so advised the realtor. The closing agent told her, erroneously, that since the parties were married, state law required that Husband's name appear on the deed. Mr. Weathers testified that Husband was calm during all of this and even questioned whether his presence at the closing was necessary. Husband testified that he did not understand the exchange between Wife and the title agent. Mr. Weathers confirmed that the title agent told Wife that Husband's name had to be on the deed.

Significantly, the trial court specifically found Mr. Weathers to be a credible witness. It also found Ms. Clayborne's testimony to be credible as to the real estate transaction.

Considering the "mountain" of evidence supporting Wife's assertion that the marital residential property was to be her separate property, I cannot say that the evidence preponderates against the trial court's determinations on the subject. I would reform the deed and award the property to Wife as her separate property.

I respectfully dissent from so much of the majority's opinion as finds and treats this real property as "Co-Owned Property."

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE